## Johnson v. Tray

C.P. of Fulton County, no. 241 of 1997-C.

*Duane S. Barrick,* for plaintiff.

*Michael A. Sosnowski,* for defendant.

WALKER, *P.J.,* October 4, 1999—

### FACTUAL AND PROCEDURAL HISTORY

On August 14, 1997, plaintiffs filed a medical malpractice complaint in Franklin County against the defendants. Defendants filed preliminary objections to the

complaint objecting to venue. By stipulation of the parties and an order of court, the case was transferred to Fulton County on November 14, 1997. Defendants answered the complaint and asserted new matter. Plaintiffs replied to defendants' new matter.

On February 4, 1999, plaintiffs served defendants with interrogatories and requests for production of documents. The interrogatories for defendant Fulton County Medical Center related to its knowledge of Dr. Tray's professional history prior to joining FCMC, any disciplinary action or inpatient treatment of Dr. Tray, and any information gathered by FCMC regarding Dr. Tray. Plaintiffs requested documents from FCMC which evidence the information asked in the interrogatories. The interrogatories for Dr. Tray related to his alcohol treatment, his current hospital privileges and application for privileges since January 1996, his bankruptcy, and his past employment at Tate Engineering.

On March 17, 1999, plaintiffs' counsel wrote a letter to defendants' counsel asking when the plaintiffs could expect answers to the overdue discovery. Defendants' counsel replied, on April 13, 1999, that he hoped to provide plaintiffs with answers to the discovery in the near future. Plaintiffs filed a motion to compel, and a rule was issued on May 12, 1999, giving defendants 20 days to provide the requested answers and documents. Subsequently, defendants answered the overdue discovery, objecting to the majority of the discovery on the grounds that the information sought was irrelevant and protected by the Pennsylvania Peer Review Protection Act.

A second motion to compel was filed by plaintiffs requesting that the court strike the defendants' objections and order defendants to file full and complete responses

to plaintiffs' interrogatories and requests for production of documents within 20 days. On August 30, 1999, an order to that effect was entered. The August 30, 1999 order also required defendants to pay plaintiffs' counsel fees for the motions to compel. That same day, defendants filed a motion for protective order, seeking to have their objections to the interrogatories and requests for production of documents sustained. Plaintiffs filed a reply to defendants' motion for protective order.

## DISCUSSION

The purpose of the Pennsylvania Peer Review Protection Act is to encourage medical care providers to inform hospital committees about the performance of medical professionals and hospital providers. *Plappert v. Kelley,* 21 D.&C.4th 313, 315 (1993). This free exchange of information allows the committees to review and evaluate the qualifications and abilities of hospital employees. *Id.* at 315.

Information or documents presented to a review committee are not subject to discovery unless this information is available from some other source. 63 Pa.C.S. §425.4; *Plappert,* 21 D.&C.4th at 316. In other words, information obtainable from sources other than peer review meetings is subject to discovery. 63 Pa.C.S. §425.4; *Plappert,* 21 D.&C.4th at 316. "Information, documents or records otherwise available from original sources are not to be construed as immune from discovery or use in any such civil action merely because they were presented during proceedings of such committee . . . ." 63 Pa.C.S. §425.4.

In *Plappert,* the plaintiffs sought information regarding staph infections. *Plappert,* 21 D.&C.4th at 316. The

defendant argued that infection rates and infection control had been discussed during peer review. *Id.* at 316-17. The court found that this information was available from other sources such as original records or files. *Id.* at 316. As a result, the court found that this information was discoverable. *Plappert* at 316. If it were enough that this information was discussed at peer review, "any type of information or statistical data, regardless of its significance, relevance or necessity, could not be considered discoverable if mentioned or discussed in the setting of a peer review meeting." *Id.* at 317. Thus, a party may not make information, documents, or records immune from discovery simply by discussing these items at a peer review committee meeting.

In the present case, plaintiffs seek information from FCMC regarding any disciplinary action or inpatient treatment of Dr. Tray while he practiced at FCMC and any information gathered by FCMC regarding Dr. Tray, including information from the National Practitioner Data Bank and other hospitals. Furthermore, plaintiffs sought information about FCMC's knowledge of Dr. Tray's professional history prior to joining FCMC. This information included FCMC's knowledge about Dr. Tray's bankruptcy, Dr. Tray entering the Pennsylvania Physicians Help Program and Dr. Tray's privileges at other hospitals and his Delaware medical license being revoked.

This information sought by plaintiffs' discovery is otherwise available from other sources and, thus, subject to discovery by plaintiffs. As in *Plappert,* this information is available from original records and files that FCMC has kept. The fact that this information may have been discussed at a peer review meeting does not prevent plaintiffs from obtaining this information through

discovery. As a result, plaintiffs' interrogatories and requests for production of documents directed to FCMC are not prohibited by the Pennsylvania Peer Review Act.

Next, defendants argue that the information sought by plaintiffs is beyond the scope of discovery. In addition to the interrogatories directed to FCMC, plaintiffs directed interrogatories to Dr. Tray. These interrogatories related to Dr. Tray's alcohol treatment, current hospital privileges, and his past employment at Tate Engineering.

"A party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ." Pa.R.C.P. 4003.1(a). Information that would be inadmissible at trial is subject to discovery if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. Pa.R.C.P. 4003.1(b).

With regard to the interrogatories and requests for production of documents directed to FCMC, the court finds that these discovery requests are relevant to the lawsuit. The information sought by plaintiffs regarding FCMC's knowledge of Dr. Tray is relevant to FCMC's liability. Similarly, the interrogatories directed to Dr. Tray are relevant. The information regarding Dr. Tray's alcohol treatment is relevant to his liability. The information regarding his current hospital privileges, bankruptcy, and past employment could lead to admissible evidence and is thus permissible.

## ORDER

October 4, 1999, after consideration of defendants' motion for protective order and plaintiffs' reply, defendants' motion is denied. Defendants are ordered to provide full

and complete discovery responses to the requested discovery within 20 days of service of this order. Defendants shall pay plaintiffs' counsel fees for all pleadings regarding the motions to compel pursuant to the court's August 30, 1999 order.